UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHEYENNE BLAIR,**

 **Plaintiff,**

v.                Case No: 5:17-cv-460-Oc-30PRL

**GANESH ARORA and CLINICAL PET
OF OCALA, LLC**

 **Defendants.**

## ORDER

  This case is before the Court for consideration of Plaintiff's motion for an order to show cause (Doc. 9) and motion for a writ of garnishment (Doc. 11), to which Defendants have not responded.

  In this action, Plaintiff brought claims pursuant to the Fair Labor Standards Act ("FLSA") and Florida law for unpaid wages against her former employer, Clinical PET of Ocala, LLC, and Ganesh Arora. (Doc. 1). After both Defendants failed to appear, the Court entered a default judgment against them, jointly and severally, in the amount of $4,710.04. Recently, a suggestion of bankruptcy was filed on behalf of Ganesh Arora, and the Court stayed the case as to that Defendant, and noted that the case remains pending as to Clinical PET of Ocala, LLC. (Docs. 10 & 12). Meanwhile, Plaintiff has filed two motions related to her attempts to satisfy the judgment.

  In the first motion, Plaintiff seeks an order to show cause why Defendants are not in contempt of court for failing to complete the Florida Rule of Civil Procedure Form 1.977.[1] (Doc.

---

[1] Pursuant to Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may follow Florida

9).  Indeed, by Order entered November 27, 2017 (Doc. 7), the Court previously ordered Defendants to complete form 1.977 and serve it on Plaintiff's attorney within 30 days.  As Plaintiff's motion recites, Defendants failed to comply with that Order.  Consequently, Plaintiff's motion for an order to show cause is due to be granted, but only as to the entity. This case has been stayed as to Defendant Ganesh Arora due to the pending bankruptcy proceedings, therefore the relief requested by Plaintiff will be granted only as to Defendant Clinical PET of Ocala, LLC.

Next, Plaintiff seeks a writ of garnishment to satisfy the judgment against Defendant Clinical PET of Ocala, LLC.  Pursuant to Federal Rule of Civil Procedure 69, the Court must follow state law with regard to garnishment procedures. Fed. R. Civ. P. 69.  Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. To obtain a writ of garnishment after judgment, Plaintiff is required to file a motion stating the amount of the judgment.  Fla. Stat. § 77.03.  Plaintiff satisfied this requirement in her motion for the issuance of writ of garnishment to Regions Bank.  (Doc. 11).

After a writ of garnishment is issued, Chapter 77 requires two separate notices in connection with the garnishment proceeding.  If a defendant is an individual, subsection 77.041(1) requires notice to the defendant and prescribes the exact language of a "Notice to Defendant of Right against Garnishment of Wages, Money, and Other Property."  Fla. Stat. § 77.041(1).  In addition, subsection 77.041(2) requires that a plaintiff comply with additional notice requirements in regard to the defendants.

---

law in aid of execution on a judgment.  Florida Rule of Civil Procedure 1.560(c), in turn, provides that, if a prevailing party so requests, the Court can order a judgment debtor to complete the Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's motion for an order to show cause (Doc. 9) is **GRANTED**. Within **thirty (30) days** of this Order, Judgment Debtor Clinical PET of Ocala, LLC is directed to complete Florida Rule of Civil Procedure Form 1.977 Fact Information Sheets (including all required attachments) or show cause by written notice filed within **thirty (30) days** of this Order explaining why Defendant PET of Ocala, LLC should not be held in contempt of Court.

(2) In considering its obligations, Defendant PET of Ocala, LLC should be mindful that, pursuant to Local Rule 2.03(e), "[a] corporation may appear and be heard **only through counsel admitted to practice in the Court**."

(3) Plaintiff's Motion for Writ of Garnishment (Doc. 11) is **GRANTED**, and the Clerk is directed to issue a Writ of Garnishment to Regions Bank, 1700 SE 17th Street, Ocala, Florida, 34471. Plaintiff is reminded that she must fully comply with all notice requirements of § 77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on February 2, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties